IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01933-GPG

R.F.D.,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, and
TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

---

## ORDER

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1).

Petitioner R.F.D.[1] alleges that he is being held while his asylum application is pending and has been denied bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) (D. 1 at 2). He states that he entered the United States without admission or parole in 2022 and is being held by Immigrations and Customs Enforcement at its contract facility in Aurora, Colorado (*id*. at 1–2; D. 1-1).

---

[1] Petitioner has filed an Unopposed Motion for Leave to Proceed Under Pseudonym (D. 2). It is unclear how he "sought Respondents' position on this motion, and they do not oppose" (*id*. at 1) at this stage of the case, but the Court sees no reason that he cannot provisionally proceed under a pseudonym at this point assuming Respondents can identify him from the information supplied (*see* D. 1-1 at 1).

Petitioner presented sufficient allegations to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and instead purports to improperly detain him under § 1225(b)(2)(A) (D. 1 at 2, 7). *See Barreno v. Baltasar*, No. 25-CV-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (finding immigrant "not detained while attempting to enter the country and [without] other circumstances that would subject her to mandatory detention" was "entitled to a bond hearing"). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). The Court will order a response

Petitioner's counsel is directed to serve Respondents with a copy of the Petition (or amended petition), his motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline

to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted));

*Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).


DATED May 8, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge
